**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| vs. | ) ) ) |
| FREIGHTCAR AMERICA, INC., a Delaware corporation, | ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff National Steel Car Limited ("NSC") brings this action against Defendant FreightCar America, Inc. ("FCA") to stop FCA's infringement of NSC's proprietary patented railroad car, and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, 35 U.S.C. § 1, *et seq.*, for patent infringement. NSC seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

### THE PARTIES

2. NSC is a corporation organized and existing under the laws of Canada, having its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada, L8N 3J4. NSC is a leading manufacturer of innovative products for the railroad industry, including freight cars that are best-in-class in North America.

3. Upon information and belief, FCA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at Two North Riverside Plaza, Suite 1250, Chicago, Illinois, 60606.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over NSC's claims of patent infringement pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), and the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

5. This Court has personal jurisdiction over FCA because FCA has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, and regularly avails itself of the benefits of this judicial district. This Court further has personal jurisdiction over FCA generally because FCA maintains a principal place of business in this District. Therefore, FCA has established minimum contacts within the forum such that the exercise of jurisdiction over FCA would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE PATENTS-IN-SUIT

7. Since its founding in 1912, NSC has maintained a strong commitment to engineering and manufacturing freight cars that are unmatched in quality, strength, and design. NSC has devoted significant resources to innovation, which earned NSC a reputation as North America's preeminent railroad freight car manufacturer and a market leader in the railroad industry today.

8. To protect its intellectual property, NSC applied for and obtained patents directed to a railroad gondola car as set forth in, for example, U.S. Patent Nos. 7,434,519, 7,461,600, 7,878,125, and 8,025,014 (collectively "the Patents-In-Suit").

9. United States Patent No. 7,434,519 ("the '519 patent"), entitled "RAIL ROAD FREIGHT CAR," was duly and legally issued by the United States Patent and Trademark Office on October 14, 2008. A true and correct copy of the '519 patent is attached to this complaint as Exhibit 1. The '519 patent is assigned to NSC, which owns all right, title, and interest in and to the '519 patent necessary to bring this suit for infringement of the '519 patent.

10. United States Patent No. 7,461,600 ("the '600 patent"), entitled "RAIL ROAD FREIGHT CAR STRUCTURE," was duly and legally issued by the United States Patent and Trademark Office on December 9, 2008. A true and correct copy of the '600 patent is attached to this complaint as Exhibit 2. The '600 patent is assigned to NSC, which owns all right, title, and interest in and to the '600 patent necessary to bring this suit for infringement of the '600 patent.

11. United States Patent No. 7,878,125 ("the '125 patent"), entitled "RAILROAD FREIGHT CAR," was duly and legally issued by the United States Patent and Trademark Office on February 1, 2011. A true and correct copy of the '125 patent is attached to this complaint as Exhibit 3. The '125 patent is assigned to NSC, which owns all right, title, and interest in and to the '125 patent necessary to bring this suit for infringement of the '125 patent.

12. United States Patent No. 8,025,014 ("the '014 patent"), entitled "RAILROAD FREIGHT CAR," was duly and legally issued by the United States Patent and Trademark Office on September 27, 2011. A true and correct copy of the '014 patent is attached to this complaint

as Exhibit 4. The '014 patent is assigned to NSC, which owns all right, title, and interest in and to the '014 patent necessary to bring this suit for infringement of the '014 patent.

**FCA'S PATENT INFRINGEMENT**

13. FCA has manufactured, used, offered for sale, and, on information and belief, sold (or is at least in preparations to sell) railroad gondola cars stenciled with AAR reporting marks PMRX 4300-4539 ("Gray Cars"). The following is a photograph of one of those railroad gondola cars, PMRX 4494:



14. Upon information and belief, FCA has manufactured, used, offered for sale and/or sold (or is at least in preparations to do so) a series of 240 railroad gondola cars that are substantially the same as that stenciled with AAR reporting mark 4494.

15. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell the Gray Cars and cars that are substantially the same as the Gray Cars in this judicial district or elsewhere in the United States.

16. FCA has manufactured, used, offered for sale, and, on information and belief, sold (or is at least in preparations to sell) railroad gondola cars stenciled with an AAR reporting marks MWAX 1801-1905 ("Black Cars").

17. The following is a photograph of a railroad gondola car with the Black Car design:



18. Upon information and belief, FCA has manufactured, used, offered for sale and/or sold (or is at least in preparations to do so) a series of 105 railroad gondola cars that are substantially the same as that shown in the photograph above.

19. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell the Black Cars and cars that are substantially the same as the Black Cars in this judicial district or elsewhere in the United States.

## COUNT I
### Infringement of U.S. Patent No. 7,434,519

20. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

21. FCA has infringed one or more claims of the '519 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '519 patent.

22. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '519 patent in an amount to be determined at trial.

23. FCA's infringement of the '519 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

## COUNT II
## Infringement of U.S. Patent No. 7,461,600

24. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

25. FCA has infringed one or more claims of the '600 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '600 patent.

26. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '600 patent in an amount to be determined at trial.

27. FCA's infringement of the '600 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

## COUNT III
## Infringement of U.S. Patent No. 7,878,125

28. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

29. FCA has infringed one or more claims of the '125 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '125 patent.

30. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '125 patent in an amount to be determined at trial.

31. FCA's infringement of the '125 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

### COUNT IV
### Infringement of U.S. Patent No. 8,025,014

32. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

33. FCA has infringed one or more claims of the '014 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '014 patent.

34. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '014 patent in an amount to be determined at trial.

35. FCA's infringement of the '014 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, NSC prays for the following judgments and relief against FCA:

1. A judgment that FCA has infringed and is infringing the Patents-In-Suit;

2. A permanent injunction against FCA and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with FCA, from infringing the Patents-in-Suit;

3. An award of all damages adequate to compensate NSC for FCA's patent infringement, such damages to be determined by a jury, and if necessary an accounting to adequately compensate NSC for the infringement;

4. An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

5. An order finding that this is an exceptional case and awarding NSC its costs, expenses, disbursements, and reasonable attorneys' fees related to FCA's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

6. Such other further relief, in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

NSC hereby demands a jury trial on any and all issues appropriately triable before a jury.

Dated: April 17, 2015            Respectfully submitted,

                                                     */s/ Craig D. Leavell*
Craig D. Leavell (IL Bar No. 6256260)
Susan L. Tanaka (IL Bar No. 6314120)
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, Illinois 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
craig.leavell@kirkland.com
susan.tanaka@kirkland.com

*Attorneys for Plaintiff*
*National Steel Car Limited*