**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL STEEL CAR LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>FREIGHTCAR AMERICA, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 1:15-cv-03418-JBZ |

**DEFENDANT FREIGHTCAR AMERICA, INC.'S ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Freightcar America, Inc. ("FCA") by its attorneys, hereby answers the Complaint of National Steel Car Limited ("NSC") as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, 35 U.S.C. § 1, et seq., for patent infringement. NSC seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

**ANSWER:**

FCA admits that the Complaint purports to be a complaint for patent infringement. FCA admits that, in the Complaint, NSC purports to seek damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

## THE PARTIES

2. NSC is a corporation organized and existing under the laws of Canada, having its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada, L8N 3J4. NSC is a leading manufacturer of innovative products for the railroad industry, including freight cars that are best-in-class in North America.

**ANSWER:**

FCA lacks sufficient knowledge and information to form a belief as to the truth of NSC's organization and principal place of business set forth in paragraph 2 of the Complaint and therefore denies the same. FCA denies the remaining allegations set forth in paragraph 2.

3. Upon information and belief, FCA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at Two North Riverside Plaza, Suite 1250, Chicago, Illinois, 60606.

**ANSWER:**

Admitted, other than to "Suite 1250." FCA is located at the address contained in Paragraph 3 of the Complaint, but in Suite 1300.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over NSC's claims of patent infringement pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), and the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

**ANSWER:**

FCA admits that NSC's Complaint purports to be a complaint for patent infringement, and that this court has subject matter jurisdiction over claims of patent infringement pursuant to federal question jurisdiction. FCA denies that NSC has properly pled a claim upon which relief can be granted pursuant to any of the recited statutory provisions.

5. This Court has personal jurisdiction over FCA because FCA has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, and regularly avails itself of the benefits of this judicial district. This Court further has personal jurisdiction over FCA generally because FCA maintains a principal place of business in this District. Therefore, FCA has established minimum contacts within the forum such that the exercise of jurisdiction over FCA would not offend traditional notions of fair play and substantial justice.

**ANSWER:**

To the extent that the allegations of paragraph 5 of the complaint are legal conclusions, no response is required or provided. FCA denies that it has committed acts of patent

infringement in this judicial district, but FCA does not contest personal jurisdiction in this district for the purposes of this action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**ANSWER:**

Paragraph 6 of the Complaint sets forth legal conclusions for which no response is required or provided. For the purposes of this action, FCA does not contest that venue is proper in this district.

**THE PATENTS-IN-SUIT**

7. Since its founding in 1912, NSC has maintained a strong commitment to engineering and manufacturing freight cars that are unmatched in quality, strength, and design. NSC has devoted significant resources to innovation, which earned NSC a reputation as North America's preeminent railroad freight car manufacturer and a market leader in the railroad industry today.

**ANSWER:**

FCA denies that NSC has "earned a reputation as North America's preeminent railroad freight car manufacturer" and denies that NSC's "freight cars . . . are unmatched in quality, strength, and design." FCA lacks sufficient knowledge and information to form a belief as to the truth of the rest of the allegations pleaded in paragraph 7 of the Complaint and therefore denies the same.

8. To protect its intellectual property, NSC applied for and obtained patents directed to a railroad gondola car as set forth in, for example, U.S. Patent Nos. 7,434,519, 7,461,600, 7,878,125, and 8,025,014 (collectively "the Patents-In-Suit").

**ANSWER:**

FCA lacks sufficient knowledge and information to form a belief as to the truth of the allegations pleaded in paragraph 8 of the Complaint and therefore denies the same.

9. United States Patent No. 7,434,519 ("the '519 patent"), entitled "RAIL ROAD FREIGHT CAR," was duly and legally issued by the United States Patent and Trademark Office

on October 14, 2008. A true and correct copy of the ’519 patent is attached to this complaint as Exhibit 1. The ’519 patent is assigned to NSC, which owns all right, title, and interest in and to the ’519 patent necessary to bring this suit for infringement of the ’519 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’519 patent was attached to the Complaint as Exhibit 1. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 9 of the Complaint and therefore denies the same. FCA denies any implication in Paragraph 9 that the ’519 Patent is valid.

10. United States Patent No. 7,461,600 (“the ’600 patent”), entitled “RAIL ROAD FREIGHT CAR STRUCTURE,” was duly and legally issued by the United States Patent and Trademark Office on December 9, 2008. A true and correct copy of the ’600 patent is attached to this complaint as Exhibit 2. The ’600 patent is assigned to NSC, which owns all right, title, and interest in and to the ’600 patent necessary to bring this suit for infringement of the ’600 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’600 patent was attached to the Complaint as Exhibit 2. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 10 of the Complaint and therefore denies the same. FCA denies any implication in Paragraph 10 that the ’600 Patent is valid.

11. United States Patent No. 7,878,125 (“the ’125 patent”), entitled “RAILROAD FREIGHT CAR,” was duly and legally issued by the United States Patent and Trademark Office on February 1, 2011. A true and correct copy of the ’125 patent is attached to this complaint as Exhibit 3. The ’125 patent is assigned to NSC, which owns all right, title, and interest in and to the ’125 patent necessary to bring this suit for infringement of the ’125 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’125 patent was attached to the Complaint as Exhibit 3. FCA lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations made in paragraph 11 of the Complaint and therefore denies the same. FCA denies any implication in Paragraph 11 that the ’125 Patent is valid.

12. United States Patent No. 8,025,014 (“the ’014 patent”), entitled “RAILROAD FREIGHT CAR,” was duly and legally issued by the United States Patent and Trademark Office on September 27, 2011. A true and correct copy of the ’014 patent is attached to this complaint. as Exhibit 4. The ’014 patent is assigned to NSC, which owns all right, title, and interest in and to the ’014 patent necessary to bring this suit for infringement of the ’014 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’014 patent was attached to the Complaint as Exhibit 4. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 12 of the Complaint and therefore denies the same. FCA denies any implication in Paragraph 12 that the ’014 Patent is valid.

**FCA’S ALLEGED PATENT INFRINGEMENT**

13. FCA has manufactured, used, offered for sale, and, on information and belief, sold (or is at least in preparations to sell) railroad gondola cars stenciled with AAR reporting marks PMRX 4300-4539 (“Gray Cars”). The following is a photograph of one of those railroad gondola cars, PMRX 4494:




**ANSWER:**

Admitted.

14. Upon information and belief, FCA has manufactured, used, offered for sale and/or sold (or is at least in preparations to do so) a series of 240 railroad gondola cars that are substantially the same as that stenciled with AAR reporting mark 4494.

**ANSWER:**

To the extent that the allegations of paragraph 14 of the Complaint are legal conclusions, no response is required or provided. FCA admits that it manufactured and sold the railroad gondola car "stenciled with AAR reporting mark 4494." FCA is unable to understand what is meant by the allegation that it has sold 240 railroad gondola cars that are "substantially the same as that stenciled with AAR reporting mark 4494," and therefore FCA denies that allegation.

15. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell the Gray Cars and cars that are substantially the same as the Gray Cars in this judicial district or elsewhere in the United States.

**ANSWER:**

To the extent that the allegations of paragraph 15 of the Complaint are legal conclusions, no response is required or provided. FCA denies that it manufactures anything in this judicial district. FCA denies that it "continues to manufacture, use, offer for sale, and/or sell the Gray Cars . . . in the United States." FCA is unable to understand what is meant by the allegation that it has engaged in the alleged conduct with respect to cars that are "substantially the same as the Gray Cars," and therefore FCA denies that allegation.

16. FCA has manufactured, used, offered for sale, and, on information and belief, sold (or is at least in preparations to sell) railroad gondola cars stenciled with an AAR reporting marks [*sic.*] MWAX 1801-1905 ("Black Cars").

**ANSWER:**

Admitted.

17. The following is a photograph of a railroad gondola car with the Black Car design:



**ANSWER:**

FCA admits that the photograph below paragraph 17 of the Complaint appears to display a railroad freight car of the "Black Car" design.

18. Upon information and belief, FCA has manufactured, used, offered for sale and/or sold (or is at least in preparations to do so) a series of 105 railroad gondola cars that are substantially the same as that shown in the photograph above.

**ANSWER:**

To the extent that the allegations of paragraph 18 of the complaint are legal conclusions, no response is required or provided. Because FCA is unable to understand what is meant by the allegation that it has engaged in the alleged conduct with respect to cars that are "substantially the same as the that shown in the photograph above," FCA denies the remaining allegations of paragraph 18.

19. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell the Black Cars and cars that are substantially the same as the Black Cars in this judicial district or elsewhere in the United States.

**ANSWER:**

To the extent that the allegations of paragraph 19 of the complaint are legal conclusions, no response is required or provided. FCA denies that it manufactures anything in this judicial district and denies that it "continues to manufacture, use, offer for sale, and/or sell the Black Cars . . . in the United States." FCA is unable to understand what is meant by the allegation that it continues to engage in the alleged conduct with respect to cars that are "substantially the same as the Black Cars," and FCA therefore denies the allegation that it continues to engage in the alleged behavior.

**COUNT I**
**Alleged Infringement of U.S. Patent No. 7,434,519**

20. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–19 of the Complaint and incorporates them herein by reference.

21. FCA has infringed one or more claims of the '519 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '519 patent.

**ANSWER:**

Denied.

22. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '519 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

23. FCA's infringement of the '519 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT II**
**Alleged Infringement of U.S. Patent No. 7,461,600**

24. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–19 of the Complaint and incorporates them herein by reference.

25. FCA has infringed one or more claims of the ’600 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the ’600 patent.

**ANSWER:**

Denied.

26. NSC has suffered and continues to suffer damages as a result of FCA’s infringement of the ’600 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

27. FCA’s infringement of the ’600 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT III**
**Alleged Infringement of U.S. Patent No. 7,878,125**

28. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–19 of the Complaint and incorporates them herein by reference.

29. FCA has infringed one or more claims of the ’125 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the ’125 patent.

**ANSWER:**

Denied.

30. NSC has suffered and continues to suffer damages as a result of FCA’s infringement of the ’125 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

31. FCA’s infringement of the ’125 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT IV**
**Alleged Infringement of U.S. Patent No. 8,025,014**

32. NSC incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–19 of the Complaint and incorporates them herein by reference.

33. FCA has infringed one or more claims of the ’014 patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the ’014 patent.

**ANSWER:**

Denied.

34. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '014 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

35. FCA's infringement of the '014 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by NSC, to which no response is required. FCA denies that NSC is entitled to any of the requested relief and denies any allegations contained therein. FCA requests that a take-nothing judgment be entered in its favor and against NSC on each and every count contained in the complaint, and also requests an order finding that this is an exceptional case and awarding FCA its costs, expenses, disbursements, and reasonable attorney's fees related to NSC's frivolous case under 35 U.S.C. § 285 and all other statutes, rules, and common law.

## PRAYER FOR RELIEF

FCA admits that NSC has demanded a jury trial. FCA likewise demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, FCA asserts the following affirmative defenses. FCA reserves the right to amend its Answer with additional affirmative defenses as further information is obtained. FCA asserts each of these affirmative defenses in the alternative, without admitting that FCA is in any way liable to NSC, that NSC

has been or will be injured or damaged in any way, or that NSC is entitled to any relief whatsoever. As a defense to the Complaint and each and every allegation contained therein, FCA alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

36. NSC's claims fail to allege facts sufficient to state a claim for relief against FCA.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

37. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '519 Patent.

38. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '600 Patent.

39. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '125 Patent.

40. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '014 Patent.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

41. The claims of the '519 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

42. The claims of the '600 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to

comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

43. The claims of the ’125 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

44. The claims of the ’014 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice)**

45. To the extent that NSC or its predecessors-in-interest failed to meet the requirements of 35 U.S.C. § 287, NSC is precluded from seeking damages from FCA for any and all alleged infringement prior to the filing of this lawsuit.

Date: June 10, 2015

Respectfully submitted,

*/s/ Michael L. Brody*

Michael L. Brody
mbrody@winston.com
Ivan M. Poullaos
ipoullao@winston.com
Lowell D. Jacobson
ljacobson@winston.com
Winston & Strawn, LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600

Jude J. Andre (*pro hac vice*)
jandre@winston.com
Winston & Strawn, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel: (713) 651-2600

*Attorneys for Defendant Freightcar America, Inc.*

## CERTIFICATE OF SERVICE

I, Lowell D. Jacobson, hereby certify that on June 10, 2015, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Lowell D. Jacobson*