**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL STEEL CAR LIMITED<br>A Canadian corporation,<br>Plaintiff,<br>v.<br>FREIGHTCAR AMERICA, INC.,<br>A Delaware corporation<br>Defendant. | ) | CA No. 1:15-CV-03418, -08643<br><br>Honorable James B. Zagel |

**DEFENDANT FREIGHT CAR AMERICA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Freightcar America, Inc. ("FCA") by its attorneys, hereby answers the First Amended Complaint of National Steel Car Limited ("NSC") as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, 35 U.S.C. § 1, *et seq.*, for patent infringement. NSC seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

**ANSWER:**

FCA admits that the Amended Complaint purports to be a complaint for patent infringement. FCA admits that, in the Amended Complaint, NSC purports to seek damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

## THE PARTIES

2. NSC is a corporation organized and existing under the laws of Canada, having its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada, L8N 3J4. NSC is a leading manufacturer of innovative products for the railroad industry, including freight cars that are best-in-class in North America.

**ANSWER:**

FCA lacks sufficient knowledge and information to form a belief as to the truth of NSC's organization and principal place of business set forth in paragraph 2 of the Amended Complaint and therefore denies the same. FCA denies the remaining allegations set forth in paragraph 2.

3. Upon information and belief, FCA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at Two North Riverside Plaza, Suite 1300, Chicago, Illinois, 60606.

**ANSWER:**

Admitted.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over NSC's claims of patent infringement pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), and the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

**ANSWER:**

FCA admits that NSC's Amended Complaint purports to be a complaint for patent infringement, and that this Court has subject matter jurisdiction over claims of patent infringement pursuant to federal question jurisdiction. FCA denies that NSC has properly pled a claim upon which relief can be granted pursuant to any of the recited statutory provisions.

5. This Court has personal jurisdiction over FCA because FCA has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, and regularly avails itself of the benefits of this judicial district. This Court further has personal jurisdiction over FCA generally because FCA maintains a principal place of business in this District. Therefore, FCA has established minimum contacts within the forum such that the exercise of jurisdiction over FCA would not offend traditional notions of fair play and substantial justice.

**ANSWER:**

To the extent that the allegations of paragraph 5 of the complaint are legal conclusions, no response is required or provided. FCA denies that it has committed acts of patent

infringement in this judicial district, but FCA does not contest personal jurisdiction in this district for the purposes of this action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**ANSWER:**

Paragraph 6 of the Amended Complaint sets forth legal conclusions for which no response is required or provided. For the purposes of this action, FCA does not contest that venue is proper in this district.

**THE PATENTS-IN-SUIT**

7. Since its founding in 1912, NSC has maintained a strong commitment to engineering and manufacturing freight cars that are unmatched in quality, strength, and design. NSC has devoted significant resources to innovation, which earned NSC a reputation as North America's preeminent railroad freight car manufacturer and a market leader in the railroad industry today.

**ANSWER:**

FCA denies that NSC has "earned a reputation as North America's preeminent railroad freight car manufacturer" and denies that NSC's "freight cars . . . are unmatched in quality, strength, and design." FCA lacks sufficient knowledge and information to form a belief as to the truth of the rest of the allegations pleaded in paragraph 7 of the Amended Complaint and therefore denies the same.

8. To protect its intellectual property, NSC applied for and obtained patents directed to a railroad gondola car as set forth in, for example, U.S. Patent Nos. 7,434,519, 7,461,600, 7,878,125, 8,025,014, and 7,757,611 (collectively "the Patents-In-Suit").

**ANSWER:**

FCA lacks sufficient knowledge and information to form a belief as to the truth of the allegations pleaded in paragraph 8 of the Amended Complaint and therefore denies the same.

9. United States Patent No. 7,434,519 ("the '519 patent"), entitled "RAIL ROAD FREIGHT CAR," was duly and legally issued by the United States Patent and Trademark Office on October 14, 2008. A true and correct copy of the '519 patent is attached to this complaint as Exhibit 1. The '519 patent is assigned to NSC, which owns all right, title, and interest in and to the '519 patent necessary to bring this suit for infringement of the '519 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned '519 patent was attached to the Amended Complaint as Exhibit 1. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 9 of the Amended Complaint and therefore denies the same. FCA denies any implication in paragraph 9 that the '519 Patent is valid.

10. United States Patent No. 7,461,600 ("the '600 patent"), entitled "RAIL ROAD FREIGHT CAR STRUCTURE," was duly and legally issued by the United States Patent and Trademark Office on December 9, 2008. A true and correct copy of the '600 patent is attached to this complaint as Exhibit 2. The '600 patent is assigned to NSC, which owns all right, title, and interest in and to the '600 patent necessary to bring this suit for infringement of the '600 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned '600 patent was attached to the Amended Complaint as Exhibit 2. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 10 of the Amended Complaint and therefore denies the same. FCA denies any implication in paragraph 10 that the '600 Patent is valid.

11. United States Patent No. 7,878,125 ("the '125 patent"), entitled "RAILROAD FREIGHT CAR," was duly and legally issued by the United States Patent and Trademark Office on February 1, 2011. A true and correct copy of the '125 patent is attached to this complaint as Exhibit 3. The '125 patent is assigned to NSC, which owns all right, title, and interest in and to the '125 patent necessary to bring this suit for infringement of the '125 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’125 patent was attached to the Amended Complaint as Exhibit 3. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 11 of the Amended Complaint and therefore denies the same. FCA denies any implication in paragraph 11 that the ’125 Patent is valid.

12. United States Patent No. 8,025,014 (“the ’014 patent”), entitled “RAILROAD FREIGHT CAR,” was duly and legally issued by the United States Patent and Trademark Office on September 27, 2011. A true and correct copy of the ’014 patent is attached to this complaint as Exhibit 4. The ’014 patent is assigned to NSC, which owns all right, title, and interest in and to the ’014 patent necessary to bring this suit for infringement of the ’014 patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’014 patent was attached to the Amended Complaint as Exhibit 4. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 12 of the Amended Complaint and therefore denies the same. FCA denies any implication in paragraph 12 that the ’014 Patent is valid.

13. United States Patent No. 7,757,611 (“the ’611 Patent”), entitled “RAILROAD FREIGHT CAR,” which was duly and legally issued by the United States Patent and Trademark Office on July 20, 2010. A true and correct copy of the ’611 Patent is attached to this complaint as Exhibit 5. The ’611 Patent is assigned to NSC, which owns all right, title, and interest in and to the ’611 Patent necessary to bring this suit for infringement of the ’611 Patent.

**ANSWER:**

FCA admits that a copy of a document purporting to be the aforementioned ’611 patent was attached to the Amended Complaint as Exhibit 5. FCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 13 of the Amended Complaint and therefore denies the same. FCA denies any implication in paragraph 13 that the ’611 Patent is valid.

## FCA'S ALLEGED PATENT INFRINGEMENT

14. FCA has manufactured, used, offered for sale, and sold railroad gondola cars stenciled with AAR reporting marks PMRX 4300-4539 and 4800-4999 ("Gray Cars"). The following is a photograph of one of those railroad gondola cars, PMRX 4494:




**ANSWER:**

Admitted.

15. FCA has manufactured, offered for sale, and sold a series of 440 railroad gondola cars of the same design as the gondola car stenciled with AAR reporting mark PMRX 4494.

**ANSWER:**

To the extent that the allegations of paragraph 15 of the Amended Complaint are legal conclusions, no response is required or provided. FCA admits that it manufactured and sold the railroad gondola car "stenciled with AAR reporting mark PMRX 4494." FCA is unable to understand what is meant by the allegation that it has engaged in the alleged conduct with respect to 440 railroad gondola cars "of the same design as the gondola car stenciled with AAR reporting mark PMRX 4494," and therefore FCA denies that allegation.

16. FCA has offered to sell railroad gondola cars that are substantially the same design as the Gray Cars to multiple potential customers.

**ANSWER:**

To the extent that the allegations of paragraph 16 of the Amended Complaint are legal conclusions, no response is required or provided. FCA is unable to understand what is meant by

the allegation that it has offered to sell railroad gondola cars that are "substantially the same design as the Gray Cars to multiple potential customers," and therefore FCA denies that allegation.

17. FCA continues to manufacture, use, offer for sale, and/or sell the Gray Cars in this judicial district or elsewhere in the United States.

**ANSWER:**

To the extent that the allegations of paragraph 17 of the Amended Complaint are legal conclusions, no response is required or provided. FCA denies that it manufactures anything in this judicial district. FCA denies the remaining allegations of paragraph 17.

18. FCA continues to manufacture, use, offer for sale, and/or sell cars that are substantially the same design as the Gray Cars in this judicial district or elsewhere in the United States.

**ANSWER:**

To the extent that the allegations of paragraph 18 of the Amended Complaint are legal conclusions, no response is required or provided. FCA denies that it manufactures anything in this judicial district. FCA is unable to understand what is meant by the allegation that it has engaged in the alleged conduct with respect to cars that are "substantially the same design as the Gray Cars," and therefore FCA denies that allegation. FCA admits that it plans to manufacture aggregate gondola cars in March 2016.

19. FCA has manufactured, used, offered for sale, and sold railroad gondola cars stenciled with an AAR reporting marks MWAX 1801-1905 ("Black Cars").

**ANSWER:**

Admitted.

20. The following is a photograph of a railroad gondola car with the Black Car design:



**ANSWER:**

FCA admits that the photograph below paragraph 20 of the Amended Complaint appears to display a railroad freight car of the "Black Car" design.

21. FCA has manufactured, used, offered for sale, and sold a series of 105 railroad gondola cars of the same design as the gondola car shown in the photograph above.

**ANSWER:**

To the extent that the allegations of paragraph 21 of the Amended Complaint are legal conclusions, no response is required or provided. Because FCA is unable to understand what is meant by the allegation that it has engaged in the alleged conduct with respect to cars "of the same design as the gondola car shown in the photograph above," FCA denies the remaining allegations of paragraph 21.

22. FCA continues to offer for sale the Black Cars in this judicial district or elsewhere in the United States.

**ANSWER:**

To the extent that the allegations of paragraph 22 of the Amended Complaint are legal conclusions, no response is required or provided. FCA denies that it "continues to offer for sale the Black Cars . . . in the United States."

23. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell cars that are substantially the same as the Black Cars in this judicial district or elsewhere in the United States.

**ANSWER:**

To the extent that the allegations of paragraph 23 of the Amended Complaint are legal conclusions, no response is required or provided. FCA denies that it manufactures anything in this judicial district. FCA is unable to understand what is meant by the allegation that it continues to engage in the alleged conduct with respect to cars that are "substantially the same as the Black Cars," and FCA therefore denies the allegation that it continues to engage in the alleged behavior. FCA admits that it plans to manufacture aggregate gondola cars in March 2016.

24. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 24 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 24.

25. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 25 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 25.

26. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 26 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 26.

27. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 27 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 27.

28. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 28 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 28.

29. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 29 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 29.

30. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 30 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 30.

31. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 31 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 31.

32. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 32 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 32.

33. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 33 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 33.

34. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 34 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 34.

35. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 35 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 35.

36. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 36 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 36.

37. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 37 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 37.

38. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 38 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 38.

39. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 39 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 39.

40. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 40 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 40.

41. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 41 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 41.

42. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 42 of the Amended Complaint are legal conclusions, no response is required or provided. FCA otherwise denies the allegations of paragraph 42.

43. [redacted]

**ANSWER:**

To the extent that the allegations of paragraph 43 of the Amended Complaint are legal conclusions, no response is required or provided. [redacted] FCA otherwise denies the allegations of paragraph 43.

44. [redacted]

**ANSWER:**

[redacted]

[redacted]

## WILLFULNESS OF FCA'S ALLEGED PATENT INFRINGEMENT

45. FCA was aware of the Patents-In-Suit when it was designing, manufacturing, and submitting proposals for the infringing products, but has continued its unlicensed and unauthorized infringement without regard to NSC's rights.

**ANSWER:**

To the extent that the allegations of paragraph 45 of the Amended Complaint are legal conclusions, no response is required or provided. FCA admits that it became aware of the '519 patent, the '600 patent, the '611 patent, and the '125 patent in conjunction with the designing of the Gray Car and Black Car. FCA admits that it became aware of the '014 patent upon service of the Complaint. FCA denies the remaining allegations of paragraph 45.

46. Prior to the filing of the action, FCA took numerous photographs of NSC gondola railcars embodying the Patents-In-Suit. These photographs include close-ups of claimed features in the Patents-In-Suit, including the cleanout doors, sidewall reinforcements, cross-members, floor connections, and other features of NSC's gondola railcars. FCA also downloaded material from NSC's website, including drawings and specifications of NSC gondola railcars that practice the Patents-In-Suit.

**ANSWER:**

To the extent that the allegations of paragraph 46 of the Amended Complaint are legal conclusions, no response is required or provided. FCA admits that, prior to the filing of the action, FCA took pictures of NSC gondola cars. FCA further admits that certain publicly available material was downloaded from NSC's website. FCA denies the remaining allegations of paragraph 46.

47. NSC gondola railcars sold after the Patents-In-Suit issued are marked with the respective patent(s) that they practice. This marking is visible from the outside of the railcar.

**ANSWER:**

To the extent that the allegations of paragraph 47 of the Amended Complaint are legal conclusions, no response is required or provided. FCA lacks sufficient knowledge and information to form a belief as to the truth of the allegations pleaded in paragraph 47 of the Amended Complaint and therefore denies the same.

48. At some point between December 2009 and June 2013, at least one customer informed FCA that there was a "patent concern" with FCA's gondola railcars due to NSC's patents. Upon information and belief, these concerns involved claimed features of the Patents-In-Suit. The FCA employee who was informed of this patent infringement issue then relayed the information to others at FCA, including engineers who were likely involved in the design of the accused railcars, as well as senior executives.

**ANSWER:**

FCA admits that one of its customers was notified by NSC that NSC had a "patent concern," and that the customer communicated this to an FCA employee. FCA denies the remaining allegations of paragraph 48.

49. By at least October 17, 2013, FCA was aware of the '519, '600, '125, and '611 patents. On information and belief, the '014 patent was, or should have been by virtue of its status as a published continuation of the '125 patent, known to FCA as well.

**ANSWER:**

To the extent that the allegations of paragraph 49 of the Amended Complaint are legal conclusions, no response is required or provided. FCA admits that it became aware of the '519 patent, the '600 patent, the '611 patent, and the '125 patent in conjunction with the designing of the Gray Car and Black Car. FCA admits that it became aware of the '014 patent upon review of the Complaint that NSC served in the above-captioned case. FCA denies the remaining allegations of paragraph 49.

50. There was an objectively high likelihood of FCA's railcars infringing the Patents-In-Suit. Although FCA knew or should have known of this risk, FCA did not change the design of its infringing products.

**ANSWER:**

Denied.

51. FCA's infringement continues today despite FCA's awareness that its actions constitute infringement of the Patents-In-Suit.

**ANSWER:**

Denied.

**COUNT I**
**Alleged Infringement of U.S. Patent No. 7,434,519**

52. NSC incorporates by reference the allegations in paragraphs 1 through 51, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–51 of the Amended Complaint and incorporates them herein by reference.

53. FCA has infringed one or more claims of the '519 patent, including claims 1–4, 8–12, 14–17, 19, 21 and 27, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '519 patent. The Black Car, [redacted] nfringe these claims of the '519 patent.

**ANSWER:**

To the extent that the allegations of paragraph 53 of the Amended Complaint are legal conclusions, no response is required or provided. [redacted] FCA denies the remaining allegations of paragraph 53.

54. As discussed in paragraphs 45 through 51, FCA's infringement of the '519 patent has been and is willful.

**ANSWER:**

Denied.

55. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '519 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

56. FCA's infringement of the '519 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT II**
**Alleged Infringement of U.S. Patent No. 7,461,600**

57. NSC incorporates by reference the allegations in paragraphs 1 through 56, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–51 of the Amended Complaint and incorporates them herein by reference.

58. FCA has infringed one or more claims of the '600 patent, including claims 1–2, 7–10 and 13, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '600 patent. Both the Black Car and the Gray Car, [redacted] infringe these claims of the '600 patent.

**ANSWER:**

To the extent that the allegations of paragraph 58 of the Amended Complaint are legal conclusions, no response is required or provided. [redacted] FCA denies the remaining allegations of paragraph 58.

59. As discussed in paragraphs 45 through 51, FCA's infringement of the '600 patent has been and is willful.

**ANSWER:**

Denied.

60. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '600 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

61. FCA's infringement of the '600 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT III**
**Alleged Infringement of U.S. Patent No. 7,878,125**

62. NSC incorporates by reference the allegations in paragraphs 1 through 61, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–51 of the Amended Complaint and incorporates them herein by reference.

63. FCA has infringed one or more claims of the '125 patent, including claims 18 and 20, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars covered by the '125 patent. The Black Car, [redacted] infringe these claims of the '125 patent.

**ANSWER:**

To the extent that the allegations of paragraph 63 of the Amended Complaint are legal conclusions, no response is required or provided. [redacted]

[redacted] FCA denies the remaining allegations of paragraph 63.

64. As discussed in paragraphs 45 through 51, FCA's infringement of the '125 patent has been and is willful.

**ANSWER:**

Denied.

65. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '125 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

66. FCA's infringement of the '125 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT IV**
**Alleged Infringement of U.S. Patent No. 8,025,014**

67. NSC incorporates by reference the allegations in paragraphs 1 through 66, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–51 of the Amended Complaint and incorporates them herein by reference.

68. FCA has infringed one or more claims of the '014 patent, including claims 1–3, 5–14, 16–22, 24, and 25, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including railroad gondola cars

covered by the ’014 patent. Both the Black Car and the Gray Car, [redacted] infringe these claims of the ’014 patent.

**ANSWER:**

To the extent that the allegations of paragraph 68 of the Amended Complaint are legal conclusions, no response is required or provided. [redacted] FCA denies the remaining allegations of paragraph 68.

69. As discussed in paragraphs 45 through 51, FCA’s infringement of the ’014 patent has been and is willful.

**ANSWER:**

Denied.

70. FCA should have been aware of the ’014 patent when it was designing, manufacturing, and submitting proposals for the infringing products, yet has continued its unlicensed and unauthorized infringement with no regard to NSC’s rights. This infringement continues today despite FCA’s likely awareness that its actions constitute infringement of the ’014 patent. To date, FCA has not provided NSC with any competent advice of counsel upon which it relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability. FCA’s infringement of the ’014 patent has been and is willful.

**ANSWER:**

Denied.

71. NSC has suffered and continues to suffer damages as a result of FCA’s infringement of the ’014 patent in an amount to be determined at trial.

**ANSWER:**

Denied.

72. FCA’s infringement of the ’014 patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**COUNT V**
**Alleged Infringement of U.S. Patent No. 7,757,611**

73. NSC incorporates by reference the allegations in paragraphs 1 through 72, as if fully set forth herein.

**ANSWER:**

FCA restates and re-alleges its responses to paragraphs 1–51 of the Amended Complaint and incorporates them herein by reference.

74. FCA has infringed one or more claims of the ’611 patent, including claims 15, 18 and 20, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including Gray Cars and Black Cars. Both the Black Car and the Gray Car, [redacted] infringe these claims of the ’611 patent.

**ANSWER:**

To the extent that the allegations of paragraph 74 of the Amended Complaint are legal conclusions, no response is required or provided. [redacted] FCA denies the remaining allegations of paragraph 74.

75. The Gray Cars are rail road gondola cars.

**ANSWER:**

Admitted.

76. The Gray Cars have a rail road car body supported by a pair of rail road car trucks for rolling motion along rail road tracks, those trucks being spaced apart in a longitudinal direction.

**ANSWER:**

Admitted.

77. The Gray Cars have a rail road car body including a floor and containment walls standing upwardly from the floor.

**ANSWER:**

FCA admits that the Gray Car includes "containment walls," as best as it can understand that term, and a floor. FCA denies that the Gray Car includes "containment walls standing upwardly from the floor."

78. The Gray Cars have containment walls including first and second side walls running lengthwise along laterally spaced margins of the floor.

**ANSWER:**

FCA admits that the "containment walls" of the Gray Car include "first and second side walls." FCA denies that the Gray Car includes "side walls running lengthwise along laterally spaced margins of the floor."

79. The Gray Cars have first and second sidewalls, each including a sidewall sheet extending upwardly and lengthwise of the floor.

**ANSWER:**

FCA admits that the Gray Car includes "first and second sidewalls" with a "sidewall sheet." FCA denies that the Gray Car includes a "sidewall sheet extending upwardly and lengthwise of the floor."

80. The Gray Cars have first and second side walls, each having a lower margin and an upper margin.

**ANSWER:**

FCA admits that the Gray Cars have "first and second side walls" with a "lower margin" and an "upper margin."

81. The Gray Cars have a sidewall with a sidewall reinforcement.

**ANSWER:**

FCA admits that the Gray Cars have sidewalls and reinforcements for those sidewalls.

82. The Gray Cars have a sidewall reinforcement having a base adjacent the lower margin of the sidewall, and a tip distant from the lower margin of the sidewall.

**ANSWER:**

Denied.

83. The Gray Cars have a sidewall reinforcement having a back and a pair of first and second legs, said back and legs defining a channel section.

**ANSWER:**

Admitted.

84. The Gray Cars have a sidewall reinforcement with first and second legs having toes mounted against a sidewall sheet, and a back being spaced away.

**ANSWER:**

Admitted.

85. The Gray Cars have a transversely extending cross-bearer.

**ANSWER:**

Admitted.

86. The Gray Cars have a sidewall reinforcement being aligned with a transversely extending cross-bearer when the car is viewed in side view.

**ANSWER:**

FCA is unable to understand what is meant by the allegation "being aligned with," and therefore FCA denies that allegation. FCA denies the remaining allegations of paragraph 86.

87. The Gray Cars have a cross-bearer having a web and a flange, said web having a first margin mounted under the floor and a second margin below, and distant from, said floor, said flange of said cross-bearer running along said second margin of said web, said flange of said cross-bearer being distant from said floor.

**ANSWER:**

Denied.

88. The Gray Cars have a sidewall reinforcement in which the back of the sidewall reinforcement includes a portion extending below the floor.

**ANSWER:**

Denied.

89. The Gray Cars have a sidewall reinforcement in which first and second legs of the sidewall reinforcement include portions extending below the floor.

**ANSWER:**

Denied.

90. The Gray Cars have a sidewall reinforcement in which portions of the legs of the sidewall reinforcement extend below the floor, mating with a flange of a cross-bearer.

**ANSWER:**

Denied.

91. The Gray Cars have a sidewall with a sidewall upper margin that terminates at a top chord, said top chord running lengthwise along said sidewall, will [*sic*.] a sidewall reinforcement extending from the floor to said top chord.

**ANSWER:**

Admitted.

92. The Black Cars are rail road gondola cars.

**ANSWER:**

Admitted.

93. The Black Cars have a rail road car body supported by a pair of rail road car trucks for rolling motion along rail road tracks, those trucks being spaced apart in a longitudinal direction.

**ANSWER:**

Admitted.

94. The Black Cars have a rail road car body including a floor and containment walls standing upwardly from the floor.

**ANSWER:**

FCA admits that the Black Car includes “containment walls,” as best as it can understand that term, and a floor. FCA denies that the Black Car includes “containment walls standing upwardly from the floor.”

95. The Black Cars have containment walls including first and second side walls running lengthwise along laterally spaced margins of the floor.

**ANSWER:**

FCA admits that the “containment walls” of the Black Car include “first and second side walls.” FCA denies that the Black Car includes “side walls running lengthwise along laterally spaced margins of the floor.”

96. The Black Cars have first and second sidewalls, each including a sidewall sheet extending upwardly and lengthwise of the floor.

**ANSWER:**

FCA admits that the Black Car includes “first and second sidewalls” with a “sidewall sheet.” FCA denies that the Black Car includes a “sidewall sheet extending upwardly and lengthwise of the floor.”

97. The Black Cars have first and second side walls, each having a lower margin and an upper margin.

**ANSWER:**

FCA admits that the Black Cars have “first and second side walls” with a “lower margin” and an “upper margin.”.

98. The Black Cars have a sidewall with a sidewall reinforcement.

**ANSWER:**

FCA admits that the Black Cars have sidewalls and reinforcements for those sidewalls.

99. The Black Cars have a sidewall reinforcement having a base adjacent the lower margin of the sidewall, and a tip distant from the lower margin of the sidewall.

**ANSWER:**

Denied.

100. The Black Cars have a sidewall reinforcement having a back and a pair of first and second legs, said back and legs defining a channel section.

**ANSWER:**

Admitted.

101. The Black Cars have a sidewall reinforcement with first and second legs having toes mounted against a sidewall sheet, and a back being spaced away.

**ANSWER:**

Admitted.

102. The Black Cars have a transversely extending cross-bearer.

**ANSWER:**

Admitted.

103. The Black Cars have a sidewall reinforcement being aligned with a transversely extending cross-bearer when the car is viewed in side view.

**ANSWER:**

FCA is unable to understand what is meant by the allegation "being aligned with," and therefore FCA denies that allegation. FCA denies the remaining allegations of paragraph 103.

104. The Black Cars have a cross-bearer having a web and a flange, said web having a first margin mounted under the floor and a second margin below, and distant from, said floor, said flange of said cross-bearer running along said second margin of said web, said flange of said cross-bearer being distant from said floor.

**ANSWER:**

Denied.

105. The Black Cars have a sidewall reinforcement in which the back of the sidewall reinforcement includes a portion extending below the floor.

**ANSWER:**

Denied.

106. The Black Cars have a sidewall reinforcement in which first and second legs of the sidewall reinforcement include portions extending below the floor.

**ANSWER:**

Denied.

107. The Black Cars have a sidewall reinforcement in which portions of the legs of the sidewall reinforcement extend below the floor, mating with a flange of a cross-bearer.

**ANSWER:**

Denied.

108. The Black Cars have a sidewall with a sidewall upper margin that terminates at a top chord, said top chord running lengthwise along said sidewall, will [*sic*.] a sidewall reinforcement extending from the floor to said top chord.

**ANSWER:**

Admitted.

109. As discussed in paragraphs 45 through 51, FCA's infringement of the '611 patent has been and is willful.

**ANSWER:**

Denied.

110. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '611 Patent in an amount to be determined at trial.

**ANSWER:**

Denied.

111. FCA's infringement of the '611 Patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

**ANSWER:**

Denied.

**PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by NSC, to which no response is required. FCA denies that NSC is entitled to any of the requested relief and denies any allegations contained therein. FCA requests that a take-nothing judgment be entered in its favor and against NSC on each and every count contained in the complaint, and also requests an order finding that this is an exceptional case and awarding FCA its costs, expenses, disbursements, and reasonable attorney's fees related to NSC's frivolous case under 35 U.S.C. § 285 and all other statutes, rules, and common law.

**DEMAND FOR JURY TRIAL**

FCA admits that NSC has demanded a jury trial. FCA likewise demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, FCA asserts the following affirmative defenses. FCA reserves the right to amend its Answer with additional affirmative defenses as further information is obtained. FCA asserts each of these affirmative defenses in the alternative, without admitting that FCA is in any way liable to NSC, that NSC has been or will be injured or damaged in any way, or that NSC is entitled to any relief whatsoever. As a defense to the Amended Complaint and each and every allegation contained therein, FCA alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

112. NSC's claims fail to allege facts sufficient to state a claim for relief against FCA.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

113. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '519 Patent.

114. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '600 Patent.

115. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '125 Patent.

116. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '014 Patent.

117. FCA has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '611 Patent.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

118. The claims of the '519 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

119. The claims of the '600 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof,

and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

120. The claims of the ’125 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

121. The claims of the ’014 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

122. The claims of the ’611 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice)**

123. To the extent that NSC or its predecessors-in-interest failed to meet the requirements of 35 U.S.C. § 287, NSC is precluded from seeking damages from FCA for any and all alleged infringement prior to the filing of this lawsuit.

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

124. On information and belief, NSC is barred in whole or in part from recovering any alleged damages by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

125. NSC's claims are barred in whole or in part by the application of the doctrine of prosecution history estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Right to Injunctive Relief)**

126. NSC is not entitled to injunctive relief because NSC has an adequate remedy at law for any claims it can prove.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendant Freightcar America, Inc. ("FCA") hereby asserts the following counterclaims against Plaintiff National Steel Car Limited ("NSC"):

**PARTIES**

1. Counterclaimant FCA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at Two North Riverside Plaza, Suite 1300, Chicago, Illinois, 60606.

2. According to allegations in its First Amended Complaint, Counterclaim Defendant NSC alleged that it is a corporation organized and existing under the laws of Canada, having its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada, L8N 3J4.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the patent laws of the United States, Title 35 of the United States Code.

4. NSC is subject to personal jurisdiction in this judicial district due to its filing of its Complaint.

5. Because NSC has brought this action in this district and because FCA is not contesting that venue in this district is proper for purposes of this action, venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) to resolve FCA's counterclaims.

## FACTUAL ALLEGATIONS

6. NSC has sued FCA in the present litigation, alleging infringement of the '519 Patent, the '600 Patent, the '125 Patent, the '014 Patent, and the '611 Patent (collectively, "the Patents-In-Suit").

7. FCA, in its First Amended Complaint, purports to own all right, title, and interest in and to the Patents-In-Suit necessary to bring this suit for infringement.

8. An actual and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between NSC and FCA with respect to at least the infringement and validity of the Patents-In-Suit.

## FIRST COUNTERCLAIM
## Declaratory Judgment of Non-Infringement of the '519 Patent

9. FCA incorporates the allegations contained in paragraphs 1–8 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

10. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '519 Patent under any theory of infringement.

11. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '519 Patent either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the '600 Patent**

12. FCA incorporates the allegations contained in paragraphs 1–11 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

13. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '600 Patent under any theory of infringement.

14. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '600 Patent either literally or under the doctrine of equivalents.

**THIRD COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the '125 Patent**

15. FCA incorporates the allegations contained in paragraphs 1–14 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

16. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '125 Patent under any theory of infringement.

17. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a

judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the ’125 Patent either literally or under the doctrine of equivalents.

**FOURTH COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’014 Patent**

18. FCA incorporates the allegations contained in paragraphs 1–17 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

19. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the ’014 Patent under any theory of infringement.

20. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the ’014 Patent either literally or under the doctrine of equivalents.

**FIFTH COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’611 Patent**

21. FCA incorporates the allegations contained in paragraphs 1–20 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

22. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the ’611 Patent under any theory of infringement.

23. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe,

directly or indirectly, any valid, enforceable claim of the ’611 Patent either literally or under the doctrine of equivalents.

**SIXTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’519 Patent**

24. FCA incorporates the allegations contained in paragraphs 1–23 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

25. The claims of the ’519 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’519 Patent are invalid.

**SEVENTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’600 Patent**

27. FCA incorporates the allegations contained in paragraphs 1–26 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

28. The claims of the ’600 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’600 Patent are invalid.

**EIGHTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’125 Patent**

30. FCA incorporates the allegations contained in paragraphs 1–29 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

31. The claims of the ’125 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’125 Patent are invalid.

**NINTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’014 Patent**

33. FCA incorporates the allegations contained in paragraphs 1–32 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

34. The claims of the ’014 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

35. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’014 Patent are invalid.

**TENTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’611 Patent**

36. FCA incorporates the allegations contained in paragraphs 1–35 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

37. The claims of the ’611 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’611 Patent are invalid.

## EXCEPTIONAL CASE

39. This is an exceptional case entitling FCA to an award of its attorneys’ fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, FCA requests that this Court enter judgment in its favor and grant relief as follows:

a) That NSC recover nothing and that its First Amended Complaint be dismissed with prejudice;

b) That the Court enter judgment against NSC and in favor of FCA;

c) That the Court declare that FCA has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’519 Patent, the ’600 Patent, the ’125 Patent, the ’014 Patent, and the ’611 Patent;

d) That the Court declare that the claims of the ’519 Patent, the ’600 Patent, the ’125 Patent, the ’014 Patent, and the ’611 Patent are invalid;

e) That the Court deny any preliminary or permanent injunctive relief requested by Plaintiff;

f) That the Court declare that Plaintiff's claims are limited by the provisions of 35 U.S.C. §§ 286, 287, and 288;

g) That the Court deny Plaintiff's request for damages and all other relief;

h) That the Court find this case to be exceptional pursuant to 35 U.S.C. § 285, among other statutes, and award FCA its reasonable attorneys' fees and all costs permitted by law;

i) That the Court award costs and expenses to FCA; and

j) That the Court grant such other and further equitable or legal relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), FCA requests a jury trial of any issues that may be tried to a jury.

Date: February 16, 2016

Respectfully submitted,
*/s/ Jonathan E. Retsky*

Michael L. Brody (IL Bar No. 3124083)
mbrody@winston.com
Jonathan A. Retsky (IL Bar No. 6201846)
jretsky@winston.com
Ivan M. Poullaos (IL Bar No. 6278265)
ipoullaos@winston.com
Lowell D. Jacobson (IL Bar No. 6318852)
ljacobson@winston.com

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Jude J. Andre (*pro hac vice*)
jandre@winston.com

WINSTON & STRAWN, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel: (713) 651-2600

*Attorneys for Defendant FreightCar America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2016, the foregoing document was served on the following counsel for Plaintiff National Steel Car Limited by electronic mail:

Craig Leavell
craig.leavell@kirkland.com

Susan Tanaka
susan.tanaka@kirkland.com

G. William Foster
billy.foster@kirkland.com

Kathleen Cawley
kcawley@kirkland.com

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

*/s/ Lowell D. Jacobson*
Lowell D. Jacobson