**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL STEEL CAR LIMITED,<br>a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FREIGHTCAR AMERICA, INC.,<br>a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Nos.: 1:15-cv-03418,<br>1:15-cv-08643<br><br>Honorable James B. Zagel<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF NATIONAL STEEL CAR LIMITED'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff National Steel Car Limited ("NSC") hereby answers the counterclaims of Defendant FreightCar America, Inc. ("FCA") as follows:

**PARTIES**

1. Counterclaimant FCA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at Two North Riverside Plaza, Suite 1300, Chicago, Illinois, 60606.

**ANSWER:**

Admitted.

2. According to allegations in its First Amended Complaint, Counterclaim Defendant NSC alleged that it is a corporation organized and existing under the laws of Canada, having its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada, L8N 3J4.

**ANSWER:**

Admitted.

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:**

Admitted.

4. NSC is subject to personal jurisdiction in this judicial district due to its filing of its Complaint.

**ANSWER:**

Admitted.

5. Because NSC has brought this action in this district and because FCA is not contesting that venue in this district is proper for purposes of this action, venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) to resolve FCA's counterclaims.

**ANSWER:**

Admitted.

## FACTUAL ALLEGATIONS

6. NSC has sued FCA in the present litigation, alleging infringement of the '519 Patent, the '600 Patent, the '125 Patent, the '014 Patent, and the '611 Patent (collectively, "the Patents-In-Suit").

**ANSWER:**

Admitted.

7. FCA, in its First Amended Complaint, purports to own all right, title, and interest in and to the Patents-In-Suit necessary to bring this suit for infringement.

**ANSWER:**

Denied. NSC, rather than FCA, owns all rights, title, and interest to the Patents-in-Suit.

8. An actual and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between NSC and FCA with respect to at least the infringement and validity of the Patents-In-Suit.

**ANSWER:**

Admitted.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’519 Patent**

9. FCA incorporates the allegations contained in paragraphs 1–8 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–8 of FCA’s Counterclaims. NSC objects to the improper incorporation of FCA’s Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

10. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the ’519 Patent under any theory of infringement.

**ANSWER:**

Denied.

11. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the ’519 Patent either literally or under the doctrine of equivalents.

**ANSWER:**

Denied.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’600 Patent**

12. FCA incorporates the allegations contained in paragraphs 1–11 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–11 of FCA’s Counterclaims. NSC objects to the improper incorporation of FCA’s Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

13. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the ’600 Patent under any theory of infringement.

**ANSWER:**

Denied.

14. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the ’600 Patent either literally or under the doctrine of equivalents.

**ANSWER:**

Denied.

**THIRD COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’125 Patent**

15. FCA incorporates the allegations contained in paragraphs 1–14 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–14 of FCA’s Counterclaims. NSC objects to the improper incorporation of FCA’s Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

16. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the ’125 Patent under any theory of infringement.

**ANSWER:**

Denied.

17. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the ’125 Patent either literally or under the doctrine of equivalents.

**ANSWER:**

Denied.

**FOURTH COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’014 Patent**

18. FCA incorporates the allegations contained in paragraphs 1–17 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–17 of FCA's Counterclaims. NSC objects to the improper incorporation of FCA's Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

19. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '014 Patent under any theory of infringement.

**ANSWER:**

Denied.

20. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '014 Patent either literally or under the doctrine of equivalents.

**ANSWER:**

Denied.

**FIFTH COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the '611 Patent**

21. FCA incorporates the allegations contained in paragraphs 1–20 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–20 of FCA's Counterclaims. NSC objects to the improper incorporation of FCA's Answer into this

paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

22. FCA is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the ’611 Patent under any theory of infringement.

**ANSWER:**

Denied.

23. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the ’611 Patent either literally or under the doctrine of equivalents.

**ANSWER:**

Denied.

**SIXTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’519 Patent**

24. FCA incorporates the allegations contained in paragraphs 1–23 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–23 of FCA’s Counterclaims. NSC objects to the improper incorporation of FCA’s Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

25. The claims of the ’519 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**

Denied.

26. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’519 Patent are invalid.

**ANSWER:**

Denied.

**SEVENTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’600 Patent**

27. FCA incorporates the allegations contained in paragraphs 1–26 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–26 of FCA’s Counterclaims. NSC objects to the improper incorporation of FCA’s Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

28. The claims of the ’600 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**

Denied.

29. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '600 Patent are invalid.

**ANSWER:**

Denied.

**EIGHTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the '125 Patent**

30. FCA incorporates the allegations contained in paragraphs 1–29 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–29 of FCA's Counterclaims. NSC objects to the improper incorporation of FCA's Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

31. The claims of the '125 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**

Denied.

32. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '125 Patent are invalid.

**ANSWER:**

Denied.

**NINTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’014 Patent**

33. FCA incorporates the allegations contained in paragraphs 1–32 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–32 of FCA’s Counterclaims. NSC objects to the improper incorporation of FCA’s Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

34. The claims of the ’014 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**

Denied.

35. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC’s accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the ’014 Patent are invalid.

**ANSWER:**

Denied.

**TENTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the ’611 Patent**

36. FCA incorporates the allegations contained in paragraphs 1–35 of its Counterclaims and in paragraphs 1–126 of the Answer and Defenses as if fully set forth herein.

**ANSWER:**

NSC incorporates its responses to the allegations contained in paragraphs 1–35 of FCA's Counterclaims. NSC objects to the improper incorporation of FCA's Answer into this paragraph, to which no response is required. To the extent this constitutes allegations, NSC denies them.

37. The claims of the '611 Patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**

Denied.

38. To resolve the legal and factual questions raised by NSC and to afford relief from the uncertainty and controversy which NSC's accusations have precipitated, FCA is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '611 Patent are invalid.

**ANSWER:**

Denied.

**EXCEPTIONAL CASE**

39. This is an exceptional case entitling FCA to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

**ANSWER:**

NSC denies that FCA is entitled to any relief under 35 U.S.C. § 285.

Dated: March 11, 2016

By: */s/ Craig D. Leavell*

Craig D. Leavell (IL Bar No. 6256260)
craig.leavell@kirkland.com
G. William Foster (IL Bar No. 6309021)
billy.foster@kirkland.com
Susan L. Tanaka (IL Bar No. 6314120)
susan.tanaka@kirkland.com

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Plaintiff*
*National Steel Car Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2016, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Bridgett Ofosu*